# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
## AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 2:10-CR-82(3) |
| ) | |
| CASEY HANNAH HOWREN ) | |

## AGREED ORDER OF REVOCATION

A Petition for Revocation of Supervised release has been filed against the defendant, Casey Hannah Howren, and she admits that she has violated certain conditions of her supervised release. An agreement has been reached between the parties, recommending that Ms. Howren's supervised release should be revoked and that she should receive a sentence of 7 months confinement followed by two years supervised release subject to the same standard and general conditions previously imposed.

Ms. Howren agrees to waive her right to a hearing pursuant to Rule 32 of the Rules of Criminal Procedure, waive her right to allocute at a revocation hearing, and asks that the agreement of the defendant and the government pursuant to Rule 11 of the Federal Rules of Criminal Procedure be found to be a proper sentence. In doing so, the defendant acknowledges that she is giving up the following rights:

1. The right to the assistance of counsel for her defense.

2. The right to see and hear all the witnesses and have them cross-examined in her defense.

3. The right on her own part not to testify unless she chose to do so in her defense, and

4. The right to the issuance of subpoenas to compel the attendance of

witnesses to testify on her behalf.

Ms. Howren stipulates to the following violations that can be proven by the government by a preponderance of the evidence:

1. **Special Condition No. 1:** The defendant shall participate in a program of testing and/or treatment for drug and/or alcohol abuse, as directed by the probation officer, until such time as she is released from the program by the probation officer.

   Ms. Howren failed to report for a drug screen as directed by the Code-A-Phone Referral System on December 2, 2013.

2. **General Condition:** The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance.

3. **Standard Condition No. 7:** The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician.

4. **Standard Condition No. 8:** The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.

5. **Standard Condition No. 9:** The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.

   Ms. Howren reported to the United States Probation Office on December 23, 2013. On that date she was asked to submit to a urine drug screen, but she indicated she was unable to produce a sample. However, Ms. Howren advised probation she would test positive for morphine, as she last used the substance earlier in the day. The offender indicated she had returned to using drugs approximately two months prior. She had been using primarily heroin and prescription opiates for which she did not have a valid prescription. Further, the offender claimed to be using these drugs intravenously. Ms. Howren reported she obtained the drugs from Brandon Woodley during a time she was staying in Knoxville and from another offender under federal supervision, Patrick Jones, once she returned to Johnson City.

6.  **Special Condition No. 1:** The defendant shall participate in a program of testing and/or treatment for drug and/or alcohol abuse, as directed by the probation officer, until such time as she is released from the program by the probation officer.

    Based on the above drug usage, Ms. Howren was admitted to an inpatient drug treatment program at CADAS in Chattanooga, Tennessee, on December 26, 2013. On January 3, 2014, Your Honor was notified of Ms. Howren's drug use and this officer's recommendation and referral for the offender to inpatient drug treatment. On January 14, 2014, CADAS advised the United States Probation Office that Ms. Howren submitted to a presumptively positive urine drug screen for Suboxone. She admitted to use of the substance approximately two days prior to the screen. As a result of the positive drug screen, Ms. Howren was immediately discharged/released from the drug treatment program as a failure.

The Court has considered the Chapter Seven policy statements in the United States Sentencing Guidelines. The violations above constitute Grade C violation for which an advisory guideline range of 4-10 months would apply given her Criminal History Category II. The Court has considered these advisory guideline ranges. The Court has also considered the statutory maximum of two years imprisonment. The Court has also considered the factors listed in 18 U.S.C. § 3553(a).

The Court concludes that the recommended sentence is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a). Specifically, the Court finds that the defendant has admitted that the proof could establish by a preponderance of the evidence that she committed the violations alleged in the petition for warrant for offender under supervision.

Based on the foregoing, the Court finds that the recommended sentence is sufficient, but not greater than necessary to accomplish the purposes set forth in 18 U.S.C. § 3553(a) while taking into consideration all of those factors and the Chapter Seven policy statements. IT IS HEREBY ORDERED, therefore, that the defendant's supervised release

is hereby revoked. The defendant is hereby sentenced to 7 months confinement followed by two years of supervised release subject to the same standard and general conditions previously imposed.

_____
HONORABLE R. LEON JORDAN

APPROVED FOR ENTRY:

_____
HELEN C. T. SMITH
Assistant U.S. Attorney

_____
CARA D. WIDNER
United States Probation Officer

_____
CASEY HANNAH HOWREN
Defendant

_____
DOUGLAS L. PAYNE
Attorney for Defendant